**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

In re:

C.D. JONES & COMPANY, INC.,                  CASE NO.: 09-31595-KKS
                                                                      CHAPTER: 7

     Debtor.
_____/

THOMAS DAAKE AND
ADELE Z. DAAKE,

     Plaintiffs,

v.                                                                          Adv. Pro. No. 15-03002-KKS

C.D. JONES & COMPANY, INC.,
et. al.,

     Defendants.
_____/

**ORDER DENYING MOTION TO REMAND OR TO ABSTAIN FROM HEARING REMOVED MATTER (Doc. 13)**

THIS MATTER is before the Court on the *Motion to Remand or to Abstain from Hearing Removed Matter* and supporting memorandum of law (the "Motion to Remand," Docs. 13, 21) filed by the Plaintiffs, Thomas and Adele Z. Daake ("Daakes" or "Plaintiffs"). Having reviewed the Motion to Remand and the parties' memoranda of law, heard argument of counsel, and reviewed the applicable statutes, rules and case law, the Court finds that the Motion to Remand should be denied.

This adversary proceeding commenced on January 6, 2015, when one of the Defendants named in the underlying action, Christopher Jones ("Jones"), filed a Notice of Removal (Doc. 1),[1] pursuant to 28 U.S.C. § 1452 and Fed R. Bankr. P. 9027, seeking to remove to this Court certain

---

[1] Corrected/Amended Notice of Removal (Doc. 10).

proceedings supplementary filed in state court by the Daakes in furtherance of collection efforts on a state court judgment: *Verified Motion for Proceedings Supplementary to Execution and Motion to Implead Third Party Defendants* and *Verified Motion for Ex Parte Temporary Injunction of Plaintiffs, Thomas O. Daake and Adele Z. Daake* (collectively the "Removed Proceeding").[2] In response to the Motion to Remand, Jones filed *Defendant's Response to Motion to Remand or Abstain (D.E. 13) and Request for Dismissal with Prejudice* (Doc. 19) and a supporting memorandum (Doc. 26). After a hearing on the Motion to Remand the Court took the matter under advisement.

The issue before the Court is whether to remand this action or abstain, either of which would result in the Daakes continuing litigation in state court and, according to Jones, attempting to pursue causes of action owned and settled by the Chapter 7 Trustee for C.D. Jones & Company, Inc. ("C.D. Jones" or "the Debtor"). The parties briefed remand and abstention, and a more global issue: whether the settlement reached by the Chapter 7 Trustee with Jones and others in the main bankruptcy case of C.D. Jones completely disposed of all issues raised in the matters removed to this Court in this adversary proceeding.[3]

The history between the Daakes, C.D. Jones and Jones is long and unhappy. In 2003, the Daakes contracted for C. D. Jones to perform certain construction for them on property in Escambia County, Florida. A dispute arose, and in 2004 the Daakes sued C.D. Jones for breach of contract, violation of certain building codes, and fraud. Sometime in 2006, during the heat of the litigation between the Daakes and the Debtor, the ownership of C.D. Jones was transferred to

---

[2] The State Court case is styled: Thomas O. Daake and Adele Z. Daake v. C.D. Jones and Company, Inc., Case No. 2004-CA-000438, filed in the First Judicial Circuit Court in and for Walton County, Florida (the "Daake Construction-Defect Litigation").

[3] *See* Order Granting Trustee's Amended Joint Motion to Approve Compromise and Settlement (the "Settlement," Case No. 09-31595, Doc. 374).

Jones and a business associate.[4] The costly and protracted litigation, including a jury trial, resulted in a jury verdict against C.D. Jones in July of 2009 in excess of five (5) million dollars, including $100,000.00 in punitive damages. C.D. Jones filed its Chapter 7 petition on July 30, 2009, after the jury verdict but before a Final Judgment was signed by the trial court. The Daakes sought and were granted stay relief in order to obtain a final judgment and liquidate their claims for attorneys' fees and costs.[5] On October 1, 2009, the state court entered a Final Judgment for the Daakes against C.D. Jones in the amount of $5,196,706.67.[6]

The Daakes have been trying to collect on their judgment for years.[7] After C.D. Jones filed its Chapter 7 petition they filed a variety of state court law suits against Jones and others, as well as one adversary proceeding in this Court on behalf of the bankruptcy estate.[8] The pleadings removed in this adversary proceeding represent the most recent of the Daakes' attempts to collect on their judgment.

The Daakes assert three reasons that the Court should grant their Motion to Remand. First, they allege that the *Amended Notice of Removal* (Doc. 10) was not timely under Fed. R. Bankr. P. 9027(a)(3) because it was filed more than thirty (30) days after Dennis Jones, a co-defendant, was served with process. Secondly, they argue that the Removed Proceeding is not related to the merits of the underlying bankruptcy case of C.D. Jones or to federal law. Third, they assert that in a multiple defendant situation the removing party must have the unanimous consent of all defendants, which Christopher Jones did not obtain.

---

[4] Later, in April of 2007, the Debtor completed a transaction with William Clay and Chris Jones that resulted in Mr. Clay becoming the Debtor's sole remaining shareholder.
[5] *In re C.D. Jones & Company, LLC*, 09-31595, Doc. 44 (the "Admin Case"). The Daakes also obtained relief to pursue other claims in the state court not directly related to the Debtor.
[6] Doc. 21.
[7] They have apparently collected from one or more insurance policies, but the Court has no record of the amount collected.
[8] *Daake, et al. v. C.D. Jones & Co.*, Case No. 11-03045 (Doc. 1).

3

The Amended Notice of Removal was timely.

Rule 9027(a)(3), Fed. R. of Bankr. P., provides that if a claim or cause of action is filed in another court after the commencement of a bankruptcy case, a notice of removal may be filed with the clerk only within the shorter of:

> (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or; (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.[9]

Jones filed the Notice of Removal in this case on January 6, 2015, within thirty (30) days of being served with process in the state court.[10] But the Daakes at least attempted service on Dennis Jones, a co-defendant in the state court, on October 14, 2014.[11]

The question: "when does the time period start to run in a bankruptcy removal case involving multiple defendants" was addressed in *Creasey v. Coleman Furniture Corp.*[12] The *Creasy* court reviewed and compared the civil action removal statutes (28 U.S.C. §§ 1441 and 1446) and the bankruptcy removal statute (28 U.S.C. § 1452), and analyzed the issue by looking to each. Under the civil action removal statutes, a defendant or defendants must file a notice of removal within thirty (30) days after receiving a copy of the initial pleading, or within thirty (30) days of receipt of the state court summons or pleading.[13] In non-bankruptcy cases involving multiple defendants, courts have held that the civil action must be removed within thirty days after

---

[9] Fed. R. Bankr. P. 9027(a)(3).
[10] Jones was served with the state court summons on December 17, 2014. He filed his *Notice of Removal* on January 6, 2015. The Amended/Corrected Notice of Removal, filed January 7, 2015 to add page 2 of the Civil Cover Sheet relates back to the original. *See* Fed. R. Civ. P. 15 made applicable in Bankruptcy pursuant to Fed. R. Bankr. P. 7015.
[11] Jones alleges that service on Dennis Jones may not have been achieved because process was served on a "friend/roommate housekeeper (title)" at a residence that Jones did not reside in. Doc. 19, fn. 1. Dennis Jones passed away on or about February 6, 2015. Admin Case No. 09-31595, Doc. 393.
[12] *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985).
[13] *See* 28 U.S.C. § 1446(b)(1) (2015).

service upon the first defendant to be served.[14] Noting that unlike removal of civil actions pursuant to 28 U.S.C. § 1441, the so-called bankruptcy removal statute allows any one party to remove a civil action related to bankruptcy cases without the consent of the other parties,[15] the court in *Creasey* reasoned:

> If the bankruptcy removal statute is involved, the first defendant served has no incentive to contact the other defendants to obtain their consent because he does not need it to remove. If the first defendant does not want to remove, the thirty-day time period could expire before the subsequent defendants are notified or even served. The same result may occur in a § 1441 removal action; but, the lack of notice to the subsequent defendants is not as detrimental, because the subsequent defendants could not remove the case anyway without the consent of the first defendant served. The lack of notice does make a difference, however, when each defendant has a right to remove the state court action. Thus, we hold that so long as one defendant meets the thirty-day requirement, the bankruptcy removal petition would be timely. Otherwise, the policy of having all related bankruptcy matters litigated in one forum would be unnecessarily restricted.[16]

Under the sound analysis of *Creasy*, the removal of this action was timely.

<u>The causes of action raised in state court are, at minimum, related to federal bankruptcy law and the bankruptcy case of C.D. Jones.</u>

The Daakes argue that the Bankruptcy Court is not the proper place for the Removed Proceeding because the causes of action do not arise in a case under Title 11; they only involve Florida law causes of action. Without question, the Removed Proceeding is styled as a proceeding supplementary to execution, under Fla. Stat. § 56.29. Had C.D. Jones not filed bankruptcy, the Daakes, as judgment creditors, would have the right to pursue proceedings supplementary as long as their judgment remained valid and outstanding.[17] But C.D. Jones did file bankruptcy and

---

[14] *Creasy v. Coleman Furniture Corp.*, 763 F.2d at 660 (referring to *Balestrieri v. Bell Asbestos Mines*, 544 F. Supp. 528 (D.C. Pa. 1982) (time for filing removal petition starts to run when first defendant is served).
[15] 28 U.S.C. § 1452 (2015) (this removal statute does not have the same limitations that are imposed under 11 U.S.C § 1441).
[16] *Creasy v. Coleman Furniture Corp.*, 763 F.2d at 660.
[17] Fla. Stat. § 56.29(5) (2014).

remains a Chapter 7 debtor before this Court.[18] This Court has previously ruled that "the claims and causes of action asserted . . . constitute property of the bankruptcy estate and any recover from them shall inure to the benefit of all creditors."[19] This ruling, and these facts, bring the Removed Proceedings squarely within this Court's jurisdiction.[20]

In *In re Fundamental Long Term Care, Inc.*, the bankruptcy court determined that it could exercise "related to" jurisdiction over a judgment creditor's supplementary proceedings in state court.[21] The creditor sought to recover hundreds of millions of dollars in assets belonging to the debtor's wholly-owned subsidiary, based on fraudulent transfer and alter ego claims.[22] Had the judgment creditor been successful on its claims, hundreds of millions of dollars could come into the debtor's bankruptcy estate.[23] Because the claims could conceivably affect the amount of money in the estate, the court held that it had jurisdiction over those claims, saying:

> A dispute is "related to" a case under title 11 when its result "could conceivably" have an "effect on the estate being administered in bankruptcy." The "proceeding need not necessarily be against the debtor or against the debtor's property," if it could affect the administration of the bankruptcy estate. "The key word in the *Lemco Gypsum/Pacor* test is 'conceivable,' which makes the jurisdictional grant extremely broad." As the Supreme Court recognized in *Celotex Corp.*, "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.[24]

---

[18] In their memorandum the Daakes assert that their right to avoid fraudulent transfers in the Proceedings Supplementary extends for the life of the Judgment (20 years) under Florida law, citing *Biel Reo, LLC v. Barefoot Cottages Dev. Co. LLC*, 156 So. 3d 506 (Fla. D.C.A. 2014), reh'g denied (Feb. 3, 2015). While this may be true in general, it is not true when the judgment debtor files bankruptcy. Nothing in the *Biel Reo, LLC* opinion states otherwise.

[19] *Memorandum Opinion Granting Trustee's Motion to Compel Disclosure (Doc. 163) and Motion for Determination of Causes of Action as an Asset of the Estate (Doc. 164)* (the "Memorandum Opinion," Case No. 09-31595, Doc. 189, at 17) (determining that the two matters, commonly known as the "Escambia Action and Rabun Action," the Plaintiffs seek to litigate in the Removed Action are "Section 541 property of the bankruptcy estate that the Chapter 7 Trustee has standing to pursue.").

[20] 28 U.S.C. § 1334(b); 28 U.S.C. § 157(b)(2)(A), (B), (C), E), (F), (H) and (O).

[21] *In re Fundamental Long Term Care, Inc.*, 501 B.R. 770 (Bankr. M.D. Fla. 2013).

[22] *Id.* at 778.

[23] *Id.*

[24] *Id.* at 777.

In a similar vein, the Eleventh Circuit has held that an alter ego action is § 541 property of the estate if it is common to all creditors and if state law allows the corporate entity to bring that action.[25] Following the Eleventh Circuit's lead, the court in *In re Xenerga, Inc.* stated: "if the injury alleged . . . is an injury to the corporation and thus suffered generally by all creditors, and is not an injury inflicted directly on any one creditor, the trustee has exclusive standing to bring such an alter ego action."[26] The fraudulent transfer and other claims that the Daakes assert in the Removed Proceeding are all claims based on actions taken by or against C.D. Jones, and allege damages suffered generally by all creditors of that entity.

Whether the Daakes have any right to pursue proceedings supplementary at all is questionable. The Daakes' only monetary claim is against C.D. Jones. All allegations they make are to recover alleged fraudulent transfers made by C.D. Jones of C.D. Jones assets to the detriment of C.D. Jones creditors. Fraudulent transfer claims are property of the estate as of the petition date, solely within the power of a bankruptcy trustee to commence and prosecute.[27] The Trustee has made it abundantly clear that she has not authorized the Daakes to pursue any additional fraudulent transfer or other litigation against the Debtor. The Record is devoid of the Daakes ever requesting or being granted relief from the automatic stay to try to collect on their judgment against C.D. Jones.

The facts here are completely distinguishable from those in *Hill v. Brooks (In re Brooks)*, where the bankruptcy court granted a motion to remand and abstain based on its conclusion that the disposition of the state court action would have no impact on the administration of the debtor's

---

[25] *In re Icarus*, 391 F.3d 1315, 1321 (11th Cir. 2004).
[26] *In re Xenerga, Inc.*, 449 B.R. 594, 598-99 (Bankr. M.D. Fla. 2012) (citing *In re Icarus*, 391 F.3d at 1321).
[27] *In re Zwirn*, 362 B.R. 536, 539 (Bankr. S.D. Fla 2007). In the *Memorandum Opinion* (Case No. 09-31595, Doc. 189) previously entered by this court the Court concurred with the result in *Zwirn* and the reasoning in *In re Moore*, 608 F.3d 253 (5th Cir. 2010), which held that fraudulent transfer claims "became estate property once bankruptcy is under way by virtue of the trustee's successor rights under § 544(b)." 608 F.3d at 261.

bankruptcy case.[28]  In *Brooks,* the debtor had been sued for eviction pre-petition; she counterclaimed for reformation, requesting the lease documents be declared to be a mortgage, and that she be deemed the owner, not tenant, of the property.[29]  By the time the court considered the motion for remand, the debtor had received her Chapter 7 discharge, the bankruptcy trustee had filed a "no asset" report,[30] and the creditor landlord had received stay relief."[31]  The property was no longer property of the bankruptcy estate, the creditor had leave to proceed with the eviction,[32] and by filing her no asset report the trustee had abandoned any interest in the debtor's assets, including causes of action against the creditor.[33]  Here, the Trustee has not abandoned, and in fact has been administering, fraudulent transfer causes of action.[34]  Those very causes of action will greatly impact the bankruptcy of C.D. Jones because they have generated $250,000.00 in cash that the Trustee has collected as a result of the settlement approved by the Court.

This case does not involve mandatory abstention.  Whether to remand is a question of sound discretion for this Court.[35]  Factors to be considered generally include the importance of trying the entire action in the same court, the extent to which state law dominates, or not, judicial economy, prejudice to the involuntarily removed party, the degree of relatedness of the action to the main bankruptcy case and the possibility of inconsistent results.[36]

> ''When determining whether a sufficient equitable ground is present for remand, the Court weighs considerations such as judicial economy, comity and

---

[28] *Hill v. Brooks (In re Brooks)*, 389 B.R. 790, 796 (Bankr. M.D. Fla. 2008).
[29] *Id.* at 792.
[30] *Id.* at 793.
[31] *Id.*
[32] *Id.* The landlord/creditor's motion for stay relief was denied as moot because the debtor's discharge had already been entered.  Here, because C.D. Jones is a corporate debtor, no discharge will be entered so the automatic stay remains in effect.
[33] 11 U.S.C. § 554 and Fed. R. Bankr. P. 5009.
[34] The fact that the statute of limitations for the Trustee to pursue certain fraudulent conveyance or other actions on behalf of C.D. Jones does not equate to an abandonment of those claims or causes of action by the Trustee.
[35] *Hill v. Brooks (In re Brooks),* 389 B.R. 790, 794 (Bankr. M.D. Fla. 2008) (citing *In re Irwin,* 325 B.R. 22, 28 (Bankr. M.D. Fla. 2005) (quoting *TIG Insurance Co. v. Smolker,* 264 B.R. 661, 665 (Bankr. C.D. Cal. 2001))).
[36] *Hill v. Brooks (In re Brooks),* 389 B.R. at 794 (citations omitted).

respect for state court capabilities, and the effect on the administration of the estate.''[37]

Equitable considerations, especially the effect on the administration of the estate of C.D. Jones, warrant denial of the Motion to Remand. To date, all of the litigation leading up to and involving the settlement has been handled by this Court. Because "[o]ne of the purposes of the bankruptcy court is to provide a centralized place for handling litigation related to the bankruptcy estate,"[38] the removed claims must be litigated in this Court.[39]

<u>The removal did not require unanimous consent of all defendants.</u>

Section 1452 of Title 28 states: "(a): A party may remove any claim or cause of action in a civil action . . . ." It does not state "the parties." must consent to the removal, instead it specifically states a "party."[40] Although there is a split of authority,[41] the better analysis is to allow a single party to remove an action to bankruptcy court.[42] Reading 28 U.S.C. § 1452 literally, Jones was not required to obtain consent from all, or any other, Defendants prior to filing the Notice of Removal.

---

[37] *Id.* (citing *In re Olympia Holding Corporation*, 215 B.R. 254, 256 (Bankr. M.D. Fla. 1997) (citing *In re Shop & Go, Inc.,* 124 B.R. 915, 919 (Bankr. M.D. Fla. 1991))); *see also In re Hilsman,* 351 B.R. 209, 216 (Bankr. N.D. Ala. 2006).
[38] *In re Fundamental Long Term Care, Inc*., 501 B.R. 770, 784 (Bankr. M.D. Fla. 2013).
[39] *Id.*
[40] *In re Terry Mfg. Co. Inc.*, 324 B.R. 147, 152 (Bankr. M.D. Ala. 2005) (noting that § 1441 permits removal by "the defendant or the defendants" while § 1452 permits removal by "a party." This strongly suggests that unanimity is not required.). *See also Ret. Sys. of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257 (M.D. Ala. 2002); *Orion Ref. Corp. v. Fluor Enterprises, Inc.,* 319 B.R. 480 (E.D. La. 2004).
[41] *Creasy v. Coleman Furniture Corp*., 763 F.2d 656, 660 (recognizing a split of authority, and that some district and bankruptcy courts have found that the rule of unanimity applies to removal based on bankruptcy jurisdiction under Section 1452.).
[42] *In re Guerrero*, No. 12-35341, 2013 WL 6834642, at *4 (Bankr. S.D. Tex. Dec. 20, 2013)*; In re Terry Mfg. Co. Inc*., 324 B.R. at 152 (Bankr. M.D. Ala. 2005); *see also Townsquare Media, Inc., v. Brill*, 652 F. 3d 767 (7th Cir. 2011)*; California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2nd Cir. 2004); *Combs v. Kwasnik,* 2012 U.S. Dist. LEXIS 89637, 2012 WL 2513987 (D.N.J. 2012)*; Anstine & Musgrove, Inc. v. Calcasieu Refining Co.*, 436 B.R. 136, 140 (D. Kan. 2010)*; Lothian Cassidy LLC v. Ransom*, 428 B.R. 555, 558 (E.D. N.Y. 2010)*; Sommers v. Abshire*, 186 B.R. 407 (E.D. Tex. 1995).

<u>The issues raised in the Removed Action may have been settled
by the Trustee in the case of C.D. Jones.</u>

The Daakes filed the Proceedings Supplementary in state court on August 26, 2014.[43] On October 30, 2014, the Trustee sought approval of her settlement with Jones, et. al. In her Joint Motion to Approve Compromise and Settlement, the Trustee represented that "[a}ll assets other than [a specified adversary proceeding] and the other potential causes of action *brought by any party* in which the Debtor would have otherwise recovered have been administered by the estate."[44] The settlement was ultimately approved by Order dated March 3, 2015, entered in the C.D. Jones case.[45] The Daakes had the opportunity to oppose the settlement, which they did with vigor. In fact, they have appealed the Order approving the settlement.[46]

Jones maintains that the global settlement approved in the C.D. Jones case disposed of the issues removed to this Court in this adversary proceeding. The Daakes insist that it did not. The approved settlement provides, in part:

> [T]he Trustee, the Debtor, and the estate agree that the Adversary Proceeding and *all of the estate's potential causes of action* (all claims or causes of actions in which the Debtor could have otherwise recovered *or are potentially assertable* or that have been asserted by or on behalf of the Trustee, the Debtor, or the estate), against Christopher Jones, Dennis Jones, and/or April White, . . . are forever waived, satisfied, and settled. For the avoidance of doubt, the parties declare their intent that this Agreement operate as a general release of . . . all claims of any type whatsoever, . . . asserted or unasserted, . . . which the estate has ever had, now has, or may have . . . .[47]

---

[43] Doc. 4-1, at 6.
[44] Admin Case No. 09-31595 (Bankr. N.D. Fla. Jan 7, 2015), Doc. 352, and *Amended Joint Motion to Approve Compromise and Settlement*, Doc. 374 (emphasis added).
[45] *Order Granting Trustee's Amended Joint Motion to Approve Compromise and Settlement* (Case No. 09-31595, Doc. 406). After the hearing on the Motion to Remand, the Court heard argument on a motion by the released parties, including Christopher Jones, in the C.D. Jones case to enjoin the Daakes from further litigation, including the Proceedings Supplementary at issue in this adversary proceeding. The arguments made by the released parties and Chapter 7 Trustee at the hearing significantly impact the decision made today.
[46] *Daake v. C.D. Jones & Co.*, No. 15-cv-00109-LC/CJK (N.D. Fla. Mar. 3, 2015).
[47] Case No. 09-31595, Doc. 374, at 3.

The matter before the Court at present is the Remand Motion. Whether the approved settlement constitutes grounds for dismissal of the instant adversary proceeding is an issue for another day.[48] With this ruling, that issue should be ripe for determination.[49]

### Conclusion

The Daakes cite nothing that persuades this Court to remand this action to state court or to abstain. On the contrary, their arguments convince this Court that denying the Remand Motion is the only prudent way to proceed based on the history and posture of the C.D. Jones case and the extensive litigation between these parties.

For the reasons stated, it is:

**ORDERED:** *Plaintiff's Motion to Remand or to Abstain from Hearing Removed Matter* (Doc. 13) should be, and is **DENIED**.

DONE and ORDERED at Tallahassee, Florida on this 12th day of May, 2015.

KAREN K. SPECIE
United States Bankruptcy Judge

cc: all parties in interest

---

[48] In his Response (Doc. 19) to the Remand Motion, Jones also requests an order dismissing this Adversary Proceeding with prejudice. That relief is not proper at this time. This Court's Local Rule, N.D. Fla. LBR 7007-1(B) prohibits requesting more than one type of relief per motion, unless the relief is requested in the alternative. Motions to dismiss are governed by Fed. R. Bankr. P. 7041, and motions to remand are governed by Fed. R. Bankr. P. 9027(d) and 28 U.S.C. § 1452.

[49] The Court notes the filing of a new adversary proceeding in which it appears that Jones has raised this very issue. *Jones v. Daake, et. al,* A. P. No. 15-03007.